**Tarlochan SIDHU, Plaintiff–Appellant,**

**v.**

**The FLECTO COMPANY, INC.,
Defendant–Appellee.**

No. 00–15567.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Filed Feb. 5, 2002.

David A. Rosenfeld, and Eric Borgerson, Oakland, California, for the plaintiff-appellant.

Joseph E. Wiley, and Suzanne I. Price, Alameda, California, for the defendant-appellee.

Before: REINHARDT, HAWKINS and RAWLINSON, Circuit Judges.

**OPINION**

RAWLINSON, Circuit Judge.

The question before us is whether an employer may refuse to arbitrate a grievance, and later use that refusal to support a claim that the employee has failed to exhaust his arbitral remedies. The answer is no. We hold that when an employer refuses to arbitrate, its action constitutes a repudiation of the collective bargaining agreement as to that grievance.

*BACKGROUND*

Appellant Tarlochan Sidhu ("Sidhu") appeals the district court's dismissal of his suit filed under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c), alleging breach of the collective bargaining agreement ("CBA") terms. The district court dismissed Si-

dhu's claim on the grounds that Sidhu failed to exhaust the grievance procedures contained in the CBA. The district court rejected Sidhu's argument that Appellee Flecto Company, Inc.'s ("Flecto") repudiation of the grievance procedures excused Sidhu's failure to exhaust. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the district court erred in dismissing Sidhu's action, we REVERSE.

Sidhu was an employee of Flecto, and at all times relevant to this dispute the CBA to which Flecto and the Union are parties governed the employment relationship. Sidhu sustained an industrial injury in 1995, and commenced a leave of absence. Flecto laid off five employees in 1996, including Sidhu. The Union grieved Sidhu's layoff, and in September 1997, filed a petition to compel arbitration. The district court dismissed the motion because it was untimely.

In June 1998, Sidhu presented Flecto with a medical release and asked to return to work. Flecto denied his request. The Union filed another grievance on Sidhu's behalf. The 1998 grievance alleged that Flecto violated the section of the CBA which governs when employees may return to work after leaving for medical reasons. Although the 1998 grievance was brought to enforce a different section of the CBA, both grievances involved the issue of seniority.

Flecto denied the 1998 grievance on the merits and on the basis that the CBA did not apply to Sidhu. The Union requested that the grievance be resolved pursuant to the grievance procedures in the CBA. Flecto refused. In the face of repeated demands to arbitrate the matter, Flecto maintained its position that the grievance was without merit and that the arbitration clause did not apply to Sidhu. Rather than seeking to compel arbitration, the Union filed suit under section 301 of the LMRA.

### DISCUSSION

■ This Court reviews *de novo* the legal question of whether Sidhu was required to exhaust remedies under the CBA prior to suing in federal court. *Collins v. Lobdell*, 188 F.3d 1124, 1127 (9th Cir.1999), *cert. denied sub nom. Collins v. Spokane Valley Fire Protection District No. 1*, 529 U.S. 1107, 120 S.Ct. 1959, 146 L.Ed.2d 791, (2000).[1]

### I. Failure To Exhaust Grievance Procedures

■ Section 301 of the LMRA allows Sidhu to sue Flecto, his employer, in federal district court to enforce the terms of their CBA. *Hardline Electric Inc. v. Int'l Bhd. of Elec. Workers, Local 1547*, 680 F.2d 622, 624–25 (9th Cir.1982). Before bringing suit, however, an employee must first exhaust the grievance procedures established by the CBA. *Herman v. United Bhd. of Carpenters & Joiners of America, Local Union No. 971*, 60 F.3d 1375, 1379 (9th Cir.1995). Sidhu can pursue a § 301 claim without exhausting the grievance procedures if Flecto repudiated those procedures. *Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Where an employer repudiates the contract procedures designed to resolve the grievance, he is "estopped by his own conduct to rely on the unexhausted grievance and arbitration procedures as a defense to the employee's cause of action." *Id.* We will not find repudiation simply because the employer refused to follow one or more of the substantive terms of the

---

1. Contrary to Flecto's assertion, the district court did not make *any* findings of fact in this case. Rather, the district court simply applied the joint statement of stipulated facts to the law.

CBA; rather, we will excuse the requirement for exhaustion based on repudiation only if the employer repudiates the specific grievance procedures provided for in the CBA. *See Kaylor v. Crown Zellerbach, Inc.,* 643 F.2d 1362, 1366 (9th Cir.1981).

■ The Union attempted to use the grievance procedures on Sidhu's behalf. In a letter dated June 25, 1998, the Union urged Flecto to reconsider its denial of the grievance and specifically requested that the parties schedule an adjustment board as required by the CBA. The letter went on to state, "Even if you disagree with our view on the merits of the grievance, you are obligated to follow the grievance procedure of the contract."

The Union wrote another letter dated November 9, 1998, and "demand[ed] an arbitration under the terms of the contract." On January 19, 1999, Flecto's attorneys sent the final piece of correspondence which said,

> On Friday, I received a telephone message from Barbara Gorin of your office requesting that the Company select arbitrators in the above captioned matter. The Company will not do so. On June 19, 1998, the Company advised the Union, in writing, that it would not process Mr. Sidhu's grievance in this matter. It is not willing to do so now.

The CBA specifically provided that grievances between the Union and Flecto would be resolved through its grievance procedures. Those procedures culminate in final, binding arbitration. Based on the position that the CBA did not govern this

dispute, Flecto refused to arbitrate. Sidhu could not exhaust the grievance procedures because Flecto took the repeated position that the grievance procedures did not govern this dispute. It is disingenuous for Flecto to now assert that Sidhu's claim is barred because he failed to exhaust the grievance procedures. We find that Sidhu is excused from the exhaustion requirement based on Flecto's repudiation of the grievance procedures as to Sidhu's claim.

Flecto argues that its actions were insufficient to amount to repudiation. However, the cases cited in support of its position are distinguishable. In *Bailey v. Bicknell Minerals, Inc.* 819 F.2d 690, 691 (7th Cir. 1987), the aggrieved employees never even filed a grievance, let alone a request for arbitration. Rather, the plaintiffs immediately filed suit under § 301 of the LMRA. The remaining cases cited by Flecto are similarly distinguishable.[2]

Flecto also contends that Sidhu is not excused from the exhaustion requirement because the Union did not file a suit to compel arbitration. However, according to the terms of the CBA, a request for arbitration is the final step in the grievance procedure. The decision of the Arbitrator is final and binding on the employer, the Union, and employees. Sidhu, through the Union, requested and even demanded arbitration proceedings, which were refused. Sidhu exhausted all of the procedures contained in the CBA, which did not include legal action to compel arbitration.

■ Flecto also asserts that in order to make a showing of repudiation, Sidhu must

---

**2.** *See Redmond v. Dresser Industries, Inc.,* 734 F.2d 633, 634–35 (11th Cir.1984) ("[Plaintiff] made no attempt to follow the grievance procedures set out in the collective bargaining agreement.... Instead, he proceeded to file suit in [state court]"); *Rabalais v. Dresser Industries, Inc.,* 566 F.2d 518, 519–20 (5th Cir.1978) (observing that neither the employ-

er nor the union sought arbitration as provided for in the agreement); *cf. Velan Valve Corp. Local Lodge 2704 Dist. Lodge 109 Int'l Ass'n of Machinists & Aerospace Workers,* 316 NLRB 1273 (1995) (determining that only a refusal to arbitrate all grievances or a particular class of grievances constitutes a refusal to arbitrate).

establish that the entire agreement was repudiated. However, the exceptions to the exhaustion requirement in *Vaca* were intended to bar an employer from making a claim of failure to exhaust when exhaustion was prevented by the employer's conduct. 386 U.S. at 185, 87 S.Ct. 903. No court, in any circuit, has ever imposed the "total repudiation" requirement upon an aggrieved employee. We will not be the first to do so. Instead, we adopt a grievance-specific repudiation approach. If the employer repudiates the procedures established in a CBA to govern a particular grievance, the aggrieved employee is relieved of the usual requirement to exhaust administrative remedies as to that grievance.

## II. *Res Judicata*

■■■■ Flecto posits that the present suit is barred under the doctrine of *res judicata*. To trigger the doctrine of *res judicata*, the earlier suit must have (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 887(9th Cir.2000). The final two requirements for *res judicata* are met in this case. The prior suit was dismissed as untimely, which we have held constitutes a final judgment on the merits. *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1331 n. 3 (9th Cir.1981). The parties in this suit are identical to the parties in the 1996 suit. However, this suit and the 1996 suit do not involve the same 'claim' or cause of action.

To determine whether two suits contain identical claims, we have looked at the following criteria:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether the two suits involve infringement of the same right; (3) whether substantially the same evidence is presented in the two actions; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405(9th Cir.1993).

The rights established in the 1996 action will not be impaired by the current action. The rights asserted in the two actions are different. The 1996 action involved layoff rights, which are covered in § 13.03 of the CBA. The right to return to work upon tendering a doctor's note, which is the subject of the current action, is found in § 20.02. The first two considerations therefore weigh against a finding of *res judicata*.

Due to the dismissal of the earlier action on timeliness grounds, it is unclear whether the evidence presented would have been substantially the same. The CBA was never interpreted to determine whether the layoff and seniority provisions were intended to operate in the manner employed by Flecto. Because neither party presented evidence to show how the seniority and layoff provisions interrelate, we have no reason to believe that the evidence presented in the two suits would be the same.

Finally, these suits do not arise out of the same transactional nucleus of facts. The 1996 action was predicated on Sidhu's layoff from work. This action is predicated on the Union's refusal to return him to work upon tendering a note from his doctor. It is not clear how the juxtaposition of the layoff and return to work provisions of the CBA affects Sidhu's claim. For these reasons, we find that the doctrine of *res judicata* does not bar Sidhu's claim.

### CONCLUSION

Because Flecto repudiated the grievance procedures set forth in the CBA, Sidhu's failure to exhaust his arbitral remedies was excused.[3] Sidhu's LMRA action was not barred by the doctrine of *res judicata.* Accordingly, the district court's decision is **REVERSED,** and this matter is **RE-MANDED** for further proceedings consistent with this opinion.

---

**3.** Flecto asks this Court to consider an argument not raised in the district court: that Sidhu is precluded from bringing this claim without also alleging that the Union breached its duty of fair representation. Although we do not consider this issue on the merits because it was not first presented to the district court, *see Llamas v. Butte Community College Dist.,* 238 F.3d 1123, 1127–28 (9th Cir.2001), we note that Flecto's argument is contrary to law. If the plaintiff is relying on another exception to the exhaustion rule, he need not also allege a breach of the Union's duty of fair representation. *Rabalais,* 566 F.2d at 519.