**Taliaferro WASHINGTON,**
**Plaintiff—Appellant,**

v.

**CITY OF NORTH LAS VEGAS; et al., Defendants—Appellees.**

No. 04–15294.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2005.*

Decided Dec. 12, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). The Clerk shall file the North Las Vegas Police Officers Association's November 30, 2005, notice of joinder. Washington's motion for substitution of counsel is granted, and his motion for oral argument is denied.

Barry Levinson, Esq., Gerald Netzky, Las Vegas, NV, for Plaintiff–Appellant.

Carie A. Torrence, Lyssa M. Simonelli, Esq., Kummer Kaempfer Bonner & Renshaw, Las Vegas, NV, for Defendants–Appellees.

Before: FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Taliaferro Washington appeals from the district court's partial dismissal and partial summary judgment in favor of the City of North Las Vegas, the North Las Vegas Police Department, Chief of Police J.E. Tillmon, Captain Joseph Chronister, and the North Las Vegas Police Officers Association (the Union). Washington's district court action challenged his termination from police department employment.[1]

On appeal, Washington argues that the district court erred (1) by dismissing his wrongful termination and negligent infliction of emotional distress claims with prejudice; (2) by granting summary judgment to the City of North Las Vegas, the North Las Vegas Police Department, Chief of Police J.E. Tillmon, and Captain Joseph Chronister; (3) by denying his motion for additional discovery and his request to supplement his reply brief in support of his cross-motion for summary judgment; and (4) by dismissing his claim against the Union for failure to exhaust administrative remedies. We affirm the district court judgment.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

### A. The Wrongful Discharge and Negligent Infliction of Emotional Distress Claims.

Washington argues for the first time to this court that a contract existed based upon the complaint procedures contained in the police department's manual designating the director of personnel for the City of North Las Vegas as the exclusive investigating agent over sexual harassment matters. Washington argues that the city and police department breached this contract by referring the matter to the police department's internal affairs department for a continuing investigation.

■ We hold that Washington waived his right to challenge his termination based on the claim that the police department manual created a contract because he failed to present this theory of liability to the district court and he offers no explanation for his failure to do so. *See United States v. Oregon*, 769 F.2d 1410, 1414 (9th Cir.1985) (stating that absent exceptional circumstances, an issue not raised below will not be considered on appeal).

■ A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *See Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004); *Roe v. City of San Diego*, 356 F.3d 1108, 1111–12 (9th Cir.2004). We hold that the district court did not err by dismissing Washington's wrongful discharge claim in tort. The tort of bad faith discharge requires (1) that a contract be breached, and (2) that a special relationship exists between the tort-victim and the tort-feasor. *K Mart Corp. v. Ponsock*, 732 P.2d 1364, 1372 (1987). Washington contends that his bad

1. Because the parties are familiar with the facts of this case, we do not recite them here.

faith discharge claim was pleaded with sufficient clarity and that it should not have been dismissed without discovery and with prejudice. We disagree. Accepting the facts pleaded in the complaint as true, Washington failed to establish either a breach of contract or the existence of a special relationship.

■ We also affirm the district court's dismissal of Washington's negligent infliction of emotional distress claim because the record fails to establish any breach of a duty that resulted in physical injury or illness. *See Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382, 1387 (1998) (holding that a negligent infliction of emotional distress claim requires a showing that the defendant acted negligently and that this negligence resulted in either a "physical impact" or "serious emotional distress causing physical injury or illness").

B. *Summary Judgment in Favor of the City of North Las Vegas, the North Las Vegas Police Department, Chief of Police Tillmon, and Captain Chronister.*

■ The amended complaint alleged that Washington was forced to take a computer voice stress analysis (CVSA) test in violation of his substantive due process rights, Nev.Rev.Stat. § 289.070, and his right to privacy. The district court concluded that Washington's causes of action failed because the voice test was not coerced. The court held alternatively that Captain Chronister was entitled to qualified immunity for his discretionary deci-

sion to administer the CVSA test and that the city and the police department were not liable under *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691–92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that a municipality is not liable under § 1983 for acts of employees based on the doctrine of respondeat superior). We review the district court's decision to grant summary judgment de novo. *See Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004).

■ Because the facts, when viewed in a light most favorable to Washington, do not establish that he was forced or coerced to take the CVSA test, we affirm the district court's summary judgment on these causes of action. We also affirm the district court's alternative judgments in favor of the city and the police department under *Monell,* and the district court's qualified immunity ruling in favor of Captain Chronister, because Washington did not challenge these rulings in his opening brief.[2]

■ Even if we were to construe Washington's complaint as a challenge to a voluntary CVSA test, Washington's substantive due process rights were not violated when the city terminated him, in part, for failing the test because Washington does not have a substantive due process right to be free from taking a CVSA test. Washington's argument that certain Nevada statutes create substantive due process rights is not well taken. *See Stiesberg v. California,* 80 F.3d 353, 356 (9th Cir.1996) (holding that California's police officers' bill of rights creates only procedural guarantees which are not subject to federal due

---

**2.** In his reply brief, Washington contends that Chronister would not be entitled to qualified immunity if this court finds that there was a constitutional violation, because if there was a constitutional violation, "it is obvious" that his rights clearly existed when they were violated. We reject this argument as untimely and because we hold, *infra,* that there was no

constitutional violation. We therefore do not reach the question of whether the constitutional right was clearly established. *See Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (establishing a two-pronged test for determining whether a public official is entitled to qualified immunity).

process protection). The only statute that the city may have violated is Nev.Rev.Stat. § 648.189(2), which requires that a polygraphic examination not be conducted unless the person examined consents to the test in writing. Following *Stiesberg*, however, the failure to obtain written consent for the CVSA test is only a procedural irregularity and is not a significant substantive restriction on Washington's termination process. Therefore, we conclude that Nev.Rev.Stat. § 648.189(2) does not give Washington a substantive due process right.[3]

C. *Washington's Motions for Additional Discovery and to Supplement His Reply Brief.*

■ We review the district court's decision to deny additional discovery for an abuse of discretion. *See Qualls v. Blue Cross*, 22 F.3d 839, 844 (9th Cir.1994) (holding that an appellate court will find an abuse of discretion only when the movant diligently pursued its previous discovery opportunities and the movant can show how additional discovery would have precluded summary judgment). The district court did not abuse its discretion here. The names and race of the individuals who were subjected to internal affairs CVSA tests were provided to Washington in answers to his interrogatories, and Washington had 16 months to ask for additional discovery. Moreover, the custodian of records had no knowledge of the internal affairs investigations.

■ The district court also did not abuse its discretion by denying Washington's motion to supplement his reply to the

opposition to his cross-motion for summary judgment with documentary evidence. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir.2004) (stating that evidentiary rulings are reviewed for an abuse of discretion). The district court denied the motion because the supplemental materials were not authenticated, citing to *Orr v. Bank of America*, 285 F.3d 764, 773–74 (9th Cir.2002) (explaining that authentication is a condition precedent to admissibility and that documents accompanying a summary judgment motion may be authenticated in any manner permitted by Federal Rule of Evidence 901(b) or 902). Washington fails to cite to any authority to support his contention that the documents were authenticated by virtue of being accessible through PACER.

D. *The District Court's Dismissal of Washington's Complaint Against the Union.*

■ Washington challenges the district court's dismissal of the breach of fiduciary duty cause of action against the Union based on Washington's failure to administratively exhaust this claim. *See Rosequist v. Int'l Ass'n of Firefighters Local 1908*, 118 Nev. 444, 49 P.3d 651, 655 (2002) (requiring exhaustion of claims that union did not represent employee fairly under collective bargaining agreement).

Washington argues on appeal that exhaustion does not apply because the Union repudiated the collective bargaining agreement, citing to *Sidhu v. Flecto Co., Inc.*, 279 F.3d 896, 897 (9th Cir.2002) (holding that an employer repudiates a collective

**3.** Washington also argues on appeal that his termination resulted in the deprivation of a liberty interest without adequate procedural due process. Washington's complaint did not contain a deprivation of liberty cause of action. Washington raised this claim for the first time in his opposition to appellees' mo-

tion for summary judgment. The district court never considered this claim, and we decline to do so. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999) (upholding the district court's failure to consider claims that were never pled and initially raised in opposition to summary judgment).

bargaining agreement when it refuses to arbitrate a grievance under the agreement). Washington's reliance on *Sidhu* is misplaced. Under *Sidhu*, Washington would be excused from exhaustion if the Union repudiated the filing of a complaint raising breach of fiduciary duty with the Nevada Employee–Management Relations Board, not if the Union repudiated Washington's grievance action under the collective bargaining agreement. Because Washington did not demonstrate that the Union prevented him from filing a complaint with the Nevada Employee–Management Relations Board, he can not show that he is relieved of the exhaustion requirement.

The district court's January 13, 2004, judgment is

**AFFIRMED.**