NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   AZ-11-1265-KiWiJu |
| LASHAUNA COLEMAN, | Bk. No.   10-18396-CGC |
| Debtor. | Adv. No.  10-1164 |
| LASHAUNA COLEMAN, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| AMERICAN HOME MORTGAGE SERVICING, INC.; SAND CANYON CORPORATION; WELLS FARGO BANK as Trustee of Carrington Mortgage Loan Trust, Series 2006-OPT1 Asset-Backed Pass-Through Certificates, | |
| Appellees. | |

Argued and Submitted on January 19, 2012,
at Phoenix, Arizona

Filed - February 3, 2012

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Charles G. Case, II, Bankruptcy Judge, Presiding

Appearances:   LaShauna Coleman, appellant, argued pro se;
Mark L. Collins of Gust Rosenfeld PLC argued for
appellees.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Before: KIRSCHER, WILLIAMS[2] and JURY, Bankruptcy Judges.

Appellant, chapter 13[3] debtor LaShauna Coleman ("Coleman"), has been a party to numerous actions involving appellees, American Home Mortgage Servicing, Inc. ("American Home"), Option One Mortgage Company ("Option One"), Wells Fargo Bank, N.A., as Trustee for the Certificate holders of Carrington Mortgage Loan Trustee, Series 2006-OPT1, Asset Backed Pass-Through Certificates ("Wells Fargo"), Quality Loan Servicing, Inc. ("Quality"), and Sand Canyon Corporation ("Sand Canyon")(American Home, Wells Fargo and Sand Canyon are collectively referred to as "Appellees"), and several other defendants along the way. All of the actions involve a mortgage loan transaction from 2005, a subsequent non-judicial foreclosure, and a forcible detainer action. In this appeal, Coleman argues that the bankruptcy court erred in granting Appellees summary judgment on the grounds of claim preclusion and/or that Coleman's claims were time barred by A.R.S. § 33-811(C). We AFFIRM.[4]

///

///

---

[2] Hon. Patricia C. Williams, Bankruptcy Judge for the Eastern District of Washington, sitting by designation.

[3] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "FRCP."

[4] On December 23, 2011, the Panel issued an order denying Coleman's motion to strike portions of Appellees' brief. We now also deny Coleman's request for judicial notice filed on October 7, 2011, as the attached documents have no bearing on this appeal. We further deny Coleman's additional mention of joining as parties BAC Home Loans and Keller Williams Realty because she failed to ask the Panel to take any action.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.    Events prior to the adversary proceeding.**

Coleman purchased a single family home in Phoenix, Arizona in 1994 (the "Property").  In 2005, Coleman refinanced the mortgage on her home with Option One (the "Loan").  In exchange for the Loan, Coleman executed a promissory note for $120,000 and a first deed of trust in favor of Option One.  The deed of trust was recorded on December 6, 2005.

By a Certificate of Amendment dated May 29, 2008, and filed with the California Secretary of State on June 4, 2008, Option One changed its name to Sand Canyon.

On June 11, 2008, Coleman received a letter from Sand Canyon stating that it would no longer be servicing the Loan and that, instead, American Home would be responsible for servicing her Loan and accepting her payments.  Soon thereafter, Coleman defaulted on the Loan.

On December 22, 2008, Coleman sent a letter to American Home alleging that it was not the holder in due course of her mortgage, demanding that it cease and desist any collection activities, and requesting that it provide certain documents to her.  On February 5, 2009, Coleman sent another letter to American Home and to Sand Canyon stating that she was "rescinding" the Loan.  On February 18, 2009, American Home responded with a letter stating that it was not required to comply with Coleman's demands and, in light of the documents she provided, it appeared Coleman had encountered a "Mortgage Elimination" company, which purports the ability to eliminate a debtor's mortgage for a fee.  In April

2009, Coleman sent additional letters and documents to American Home and Sand Canyon, including a notice of cancellation, a notice of revocation of power of attorney and signature, and a notice of removal of trustee.

A Notice of Trustee's Sale was recorded against the Property in Maricopa County on September 15, 2009. The beneficiary listed on the notice was Wells Fargo. The sale was scheduled for December 15, 2009.

On October 23, 2009, Sand Canyon assigned its rights under Coleman's note and deed of trust to Wells Fargo. Sand Canyon recorded the Assignment of Mortgage/Deed of Trust in Maricopa County on October 28, 2009, which was after the recording of the Notice of Trustee's Sale.

On November 17, 2009, Coleman filed a complaint against American Home and other defendants in the United States District Court for the District of Arizona ("District Court"), case no. CV-09-02403-PHX-NVW ("Case 2403"), as well as a motion seeking, inter alia, a temporary restraining order, injunctive relief enjoining the trustee sale of the Property, and removal of trustee. On December 2, 2009, the District Court (Judge Wake) dismissed the complaint for "falling far short of satisfying the requirements of FRCP 8," with leave to file an amended complaint by December 18, 2009.[5] The District Court also denied Coleman's TRO motion for failing to comply with FRCP 65(b)(1), and for her

_____

[5] In his December 2 order, Judge Wake stated that Coleman's complaint was dismissed because "[i]t does not allege that any of the defendants committed any specific acts and it does not identify what each defendant did that violates the law."

-4-

failure to submit any evidence from which the court could determine the likelihood of success on the merits of her claim.

Coleman never filed an amended complaint in the pre-sale Case 2403. Meanwhile, the trustee's sale went forward on December 15, 2009, and Wells Fargo was the successful bidder on the Property at $79,000.

On December 28, 2009, Coleman filed another suit against the same defendants in District Court, case no. CV-09-2692-PHX DGC ("Case 2692") alleging multiple claims including wrongful foreclosure, fraud, TILA and RESPA violations, and theft/conversion. All of Coleman's alleged claims against the defendants involved the Property, the note, the deed of trust, and the related trustee's sale.

On January 19, 2010, Coleman filed a First Amended Complaint in Case 2692 against the same defendants alleging the same causes of action and seeking the same relief. Coleman demanded that: defendants deed the Property back to her; the court void her mortgage contract; the trustee's sale be vacated; the trustee's deed be cancelled; and that she be awarded compensatory and punitive damages.

On January 26, 2010, American Home and other defendants moved to dismiss Coleman's First Amended Complaint in Case 2692 for failing to state a claim under FRCP 12(b)(6). Defendants contended that Coleman's suit was time barred because A.R.S. § 33-811(C) required her to raise any challenge to the trustee's sale before it occurred.

After a hearing on February 11, 2010, the District Court

(Judge Campbell) entered an order on February 16, 2010, denying Coleman's TRO request stating that "[b]ecause Plaintiff has not shown a likelihood of success on the merits, she may not obtain a TRO invalidating the trustee's sale of her property that occurred on December 15, 2009, and blocking any enforcement rights created by the trustee's sale." The order also stated that Coleman had waived all defenses and objections to the trustee's sale because she failed to obtain a court order prior to the sale as required by A.R.S. § 33-811(C).

On February 25, 2010, the Superior Court of Maricopa County ("State Court") entered a forcible detainer judgment ("FED Judgment") in favor of Wells Fargo to remove Coleman and any other occupants from the Property. The FED Judgment provided that if Coleman failed to vacate immediately, the court would issue a Writ of Restitution on March 3, 2010. Coleman failed to attend the hearing on Wells Fargo's detainer action.

On March 1, 2010, before the Writ of Restitution could be issued, Coleman filed a third lawsuit, this time against Wells Fargo in State Court seeking, inter alia, to enjoin enforcement of and/or vacate the FED Judgment ("Case 0654"). Coleman also sought "injunctive relief against a fraudulent trustee's sale" and requested that the Property be deeded back to her - the same relief that was already denied by the District Court on February 16. The State Court denied Coleman's requests in their entirety on March 4, 2010. Thereafter, Wells Fargo removed Case 0654 to the District Court (Judge Wake).

On March 30, 2010, the District Court (Judge Campbell)

-6-

entered an order granting the defendants' motions to dismiss under FRCP 12(b)(6) in Case 2692 ("March 30 Order"). Specifically, the District Court determined that Coleman's suit was barred as untimely per A.R.S. § 33-811(C); Coleman had waived her rights under the statute by not timely challenging the trustee's sale.

The District Court considered and rejected all of Coleman's arguments in opposition to the motions. Coleman contended, <u>inter alia</u>, that A.R.S. § 33-811(C) was unconstitutional because it did not provide a remedy for fraud, and that the statute waives a party's due process rights under the Fourteenth Amendment. The District Court rejected this, concluding that the statute does not eliminate fraud claims, but merely provides that a party must assert any claims before the trustee's sale, and Coleman never disputed receiving timely notice of the sale. Thus, according to the District Court, Coleman could have asserted her fraud claim before the trustee's sale, particularly since she was aware of the alleged fraud prior to the sale as evidenced by her attempt to rescind the Loan on that basis almost one year before.

The District Court also rejected Coleman's due process argument, concluding that A.R.S. § 33-811(C) (and other related statutes) afforded her time to seek redress if she believed the trustee's sale was defective. The court reasoned that Coleman lost her rights because she failed to act in a timely manner, not because she was denied due process of law.

Finally, the District Court rejected Coleman's argument that defendants were not entitled to dismissal because the trustee's sale was based on a fraudulent assignment, meaning that the sale

-7-

was not final, and that the sale was invalid because it was "scheduled prior to the fraudulent retroactive assignment." The District Court concluded that based on the mandate of A.R.S. § 33-811(B), the trustee's deed constituted evidence of regularity of the trustee's sale, and Coleman had failed to allege any facts that would allow the court to draw a reasonable inference the sale was illegal. The District Court (Judge Campbell) also denied Coleman's motion to reconsider the March 30 Order.

Coleman then proceeded to seek leave to file a second amended complaint in Case 2692. The case had now been transferred to the Hon. Roslyn O. Silver because Coleman sought to add Judge Campbell as a defendant, as well as two U.S. Marshals and the attorneys for several of the defendants. On August 18, 2010, the District Court (Judge Silver) entered an order denying Coleman's request and granting a motion to dismiss under FRCP 12(b)(6), with prejudice, to two remaining defendants who were not parties to the March 30 Order, thereby terminating Case 2692. The District Court concluded that Coleman's First Amended Complaint (as with her others) failed to comply with FRCP 8 and that any further amendments would be futile.[6] Coleman filed her chapter 13 bankruptcy petition on June 11, 2010, while Case 2692 was pending before Judge Silver.

---

[6] On September 15, 2010, Coleman appealed the rulings in Case 2692 to the Ninth Circuit Court of Appeals (10-17052). It entered an order on March 15, 2011, summarily affirming:

> A review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument (citation omitted). Accordingly, we summarily affirm the district court's judgment.

-8-

**B.    The adversary proceeding.**

On August 5, 2010, after the District Court had already issued its March 30 Order and its April 29, 2010 order denying Coleman's motion to reconsider, Coleman filed an adversary complaint against Appellees.[7]

On September 1, 2010, the District Court (Judge Wake) entered an order in Case 0654 (Coleman's case to enjoin/vacate the FED Judgment) dismissing it with prejudice as against Wells Fargo. Coleman did not appeal that order.

On September 23, 2010, after the District Court issued its order dismissing Coleman's First Amended Complaint with prejudice as to the remaining defendants and terminating Case 2692, Coleman filed her First Amended Adversary Complaint ("FAAC").  The claims Coleman asserted in the FAAC were essentially the same claims she had asserted in her prior suits before the District Court and State Court.

On January 5, 2011, the bankruptcy court granted Coleman's motion to stay the adversary proceeding so she could focus on her appeal of Case 2692 pending before the Ninth Circuit.

Despite her stay request, just days later on January 11, 2011, Coleman moved for summary judgment against Appellees. Appellees responded with an opposition and cross motion for summary judgment, contending that Coleman's claims in the FAAC, all of which arose out of facts surrounding the Property, the

---

[7] Appellees moved to dismiss Coleman's initial complaint on the grounds of claim preclusion, contending that all substantive issues raised by Coleman had been disposed of by judgments in prior lawsuits.  It was later denied without prejudice on January 5, 2011.

-9-

note, the deed of trust, the foreclosure process, the trustee's sale, the FED Judgment, and the Writ of Restitution, had been raised and decided against her, and were therefore barred by res judicata.[8]  Specifically, Appellees contended that the District Court in Case 2692 addressed the substantive merits of Coleman's claims and determined that she had waived all claims, defenses, and objections to the trustee's sale under A.R.S. § 33-811(C). Furthermore, asserted Appellees, any of Coleman's claims for possessory rights in the Property were decided against her in the FED Judgment.  Appellees alternatively argued that if claim preclusion did not apply, they were entitled to summary judgment because Coleman waived her defenses and objections to the trustee's sale by failing to timely obtain an injunction to prevent it per A.R.S. § 33-811(C).

The bankruptcy court held a hearing on the cross motions for summary judgment on April 12, 2011.  Coleman failed to appear. After hearing oral argument from Appellees and considering Coleman's "many pleadings," the bankruptcy court granted Appellees' motion for summary judgment; Coleman's claims in her FAAC were barred on the grounds of claim preclusion. Alternatively, the bankruptcy court held that even if it were to reach the merits of Coleman's claims, it would have concluded, as did Judge Campbell, that they were barred by A.R.S. § 33-811(C).

Before the bankruptcy court entered an order, Coleman filed a

---

[8] We use the term "claim preclusion" which has "supplanted the term 'res judicata' that was traditionally used in a now-obsolete, non-generic sense . . . ." The Alary Corp. v. Sims (In re Associated Vintage Grp., Inc.), 283 B.R. 549, 555 (9th Cir. BAP 2002)(discussing res judicata terminology).

-10-

motion to reconsider on April 18, 2011, which the bankruptcy court denied on May 16, 2011. An order granting Appellees' motion for summary judgment was entered on April 22, 2011. Coleman timely appealed the order granting Appellees' motion for summary judgment and the order denying her motion to reconsider on May 24, 2011. See Rule 8002(b)(timely Rule 9024 motion caused appeal time to run from date the order disposing of the tolling motion was entered).

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157 (b)(2)(K) and 1334. We have jurisdiction under 28 U.S.C. § 158.[9]

## III. ISSUES

Did the bankruptcy court err in determining that Coleman's claims were barred on the grounds of claim preclusion and granting summary judgment to Appellees?

Did the bankruptcy court err in alternatively determining that Coleman's claims were time barred by A.R.S. § 33-811(C) and granting summary judgment to Appellees?

## IV. STANDARDS OF REVIEW

Whether a prior judgment has a claim preclusive or issue preclusive effect is either a question of law or a mixed question of law and fact with the legal issues predominating. We review the bankruptcy court's determinations on these issues de novo.

---

[9] We raise the following issue sua sponte. In this case, the bankruptcy court did not enter a separate judgment. In the case of a motion for summary judgment under FRCP 56, a separate document embodying a final judgment that is distinct from and in addition to an order granting it should be entered. See Rule 9021. Nonetheless, the parties have waived that requirement by continuing to treat the order as a final judgment. See Casey v. Albertson's Inc., 362 F.3d 1254, 1256-59 (9th Cir. 2004), cert. denied, 543 U.S. 870 (2004).

-11-

*In re Associated Vintage Grp., Inc.*, 283 B.R. at 554.  A trial court's grant of summary judgment on the grounds of claim preclusion is also reviewed de novo.  <u>Akootchook v. United States</u>, 271 F.3d 1160, 1164 (9th Cir. 2001).

**V. DISCUSSION**

Much of Coleman's arguments go beyond the scope of this appeal and fail to properly address how the bankruptcy court erred in granting Appellees' motion for summary judgment.  Rather, Coleman argues the underlying merits of the claims she has been asserting for the past two years before the State Court, District Court, and the Ninth Circuit Court of Appeals.  To the extent Coleman seeks relief from the final orders in Case 2692, or any other case from the State Court, District Court, and the Ninth Circuit Court of Appeals, we reject her request.  We are not the appellate court for those courts, and we have no authority to review the merits of their decisions.

All that is before us is whether the bankruptcy court erred in determining that claim preclusion barred litigating the claims set forth in Coleman's FAAC, and/or whether her claims were barred by A.R.S. § 33-811(C).  We conclude that the record supports the bankruptcy court's order granting Appellees' motion for summary judgment on the basis of claim preclusion or, alternatively, that Coleman's claims were time barred by A.R.S. § 33-801(C).

**A.    The bankruptcy court did not err when it determined that Coleman's claims were barred by claim preclusion.**

Because the final judgments at issue here were issued by a federal court, federal law dictates the preclusive effect of the judgments.  <u>In re Gen. Adjudication of All Rights to Use Water in</u>

-12-

the Gila River Sys. & Source, 127 P.3d 882, 887 (Ariz. 2006) ("Federal law dictates the preclusive effect of a federal judgment."). In the Ninth Circuit, claim preclusion applies when "the earlier suit . . . (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." Sidhu v. Flecto Co., Inc., 279 F.3d 896, 900 (9th Cir. 2002).

Although difficult to discern from her brief on appeal, Coleman appears to argue that the prior judgments by the District Court in Case 2692 were not based on the merits. She is incorrect. The District Court dismissed Case 2692 on Appellees' motions for failing to state a claim under FCRP 12(b)(6). Such dismissals are granted based on a plaintiff's failure to plead a cognizable claim. When determining a FRCP 12(b)(6) motion, a district court analyzes the facts and legal claims in the complaint to determine if the plaintiff has alleged a claim for relief. Dismissal of an action for failure to state a claim under FRCP 12(b)(6) is a "judgment on the merits," and claim preclusion bars a plaintiff from filing another complaint on the same claim for relief. Stewart v. US Bancorp, 297 F.3d 953, 957 (9th Cir. 2001)(citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981)). Therefore, the second element for claim preclusion is satisfied.

The third element is also satisfied. In her FAAC, Coleman sued American Home, Wells Fargo, Quality, and Sand Canyon. These are the same parties she sued in Case 2692 (and others).

Finally, the first element of claim preclusion is also satisfied. In determining whether the same claim or cause of

-13-

action was involved in both suits, we consider: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transaction or nucleus of facts. Rein v. Providian Fin. Corp., 270 F.3d 895, 903 (9th Cir. 2001). A determination of this last factor in the affirmative can alone establish that the same claim for relief was involved in both suits. Id. at 903-04 (citing C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987)(noting that "[t]he last of these criteria [regarding whether the two suits arise out of the same transaction or nucleus of facts] is the most important.").

Clearly, the claims at issue in Coleman's FAAC involve the same transaction or nucleus of facts as did Case 2692. All of her claims related to events and occurrences arising from the foreclosure of the Property, including the note, the deed of trust, the assignment from Sand Canyon to Wells Fargo, the trustee's sale, the FED Judgment, and the Writ of Restitution. To the extent Coleman raised any "new" claims in the FAAC, claim preclusion bars her from raising them. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001)(claim preclusion "bars litigation in a subsequent action of any claims that . . . could have been raised in the prior action."). As for the remaining elements, although not necessary to our decision, Coleman's complaint in Case 2692 and her FAAC alleged infringement by Appellees of the same rights. Moreover, the documentary

-14-

evidence Coleman submitted in support of her motion for summary judgment (and the FAAC) is the same evidence she presented before the District Court in Case 2692.

Accordingly, the bankruptcy court did not err in determining that Coleman's claims raised in her FAAC were barred on the grounds of claim preclusion.

**B.  The bankruptcy court did not err when it alternatively determined that Coleman's claims were time barred by A.R.S. § 33-811(C).**

Alternatively, the bankruptcy court determined that even if claim preclusion did not apply to Coleman's claims, they were nonetheless barred by A.R.S. § 33-811(C).  We agree.

Subsection (C) was added to A.R.S. § 33-811 in 2002.  It states:

> The trustor, its successors or assigns, . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the schedule date of the sale.

The record reveals that although Coleman filed her first case in District Court (Case 2403) prior to the trustee's sale, which it dismissed sua sponte without prejudice for failing to comply with FRCP 8, Coleman never filed an amended complaint, and a final judgment was entered in that case.  All of Coleman's other cases, including Case 2692, were filed _after_ the trustee's sale occurred. Therefore, it is undisputed that Coleman failed to obtain injunctive relief against any of the defendants prior to the trustee's sale.  As a result, she "waived any defense or objection to the sale."  Luciano v. WMC Mortg. Corp., 2010 WL 1491952 at *2 (Ariz. Ct. App. Apr. 13, 2010)(Arizona courts "give effect to the

-15-

plain meaning of [this] statute" and thus Plaintiff's failure to seek an injunction pursuant to Rule 65 before the sale was held waived any defense or objection to the sale); Maher v. Bank One., N.A., 2009 WL 2580100 at *3 (Ariz. Ct. App. Aug. 20, 2009)(a trustee's failure to comply with provisions over trustee sales is a defense or ground for objection to the sale, but under § 33-811(C) the objecting party must seek an junction pursuant to FRCP 65 before the sale is held; allowing a trustor to void a sale based on a claim that those provisions were violated after the trustor failed to seek and obtain a preliminary injunction would render § 33-811(C) a practical nullity); Thomas v. Wells Fargo Bank, N.A., 2011 WL 3809922 at *2 (D. Ariz. Aug. 29, 2011)(citing Luciano); Maxhimer v. Wells Fargo Bank, N.A., 2011 WL 3418389 at *3 (D. Ariz. Aug. 4, 2011); Jada v. Wells Fargo Bank, N.A., 2011 WL 3267330 at *2 (D. Ariz. July 29, 2011)(citing Luciano); Woods v. BAC Home Loans Servicing LP, 2011 WL 2746310 at *2 (D. Ariz. July 15, 2011)(citing Luciano); Spielman v. Katz, 2010 WL 4038838 at *3 (D. Ariz. Oct. 14, 2010)(holding same).[10] The cases cited by Coleman allowing a party to bring an action to set aside a trustee's sale after-the-fact were decided prior to the amendment of A.R.S. § 33-811, which added the waiver provision in subsection (C).

Several of the above courts have further recognized that A.R.S. § 33-811(C) provides no leeway for self-representing homeowners. Even if a plaintiff's assertions are true, that

---

[10] We recognize that as of the time of this appeal, no published Arizona decisions interpreting A.R.S. § 33-811(C) exist. However, we have no reason to believe that the Arizona Supreme Court would rule any differently if asked to address the issue.

-16-

provision precludes them from contesting the non-judicial foreclosure of the subject property. Thomas, 2011 WL 3809922 at *2: Jada, 2011 WL 3267330 at *2; Woods, 2011 WL 2746310 at *2.

More importantly, some Arizona courts have concluded that A.R.S. § 33-811(C) establishes a complete defense to virtually any attack on the sale, including claims of fraud. E.g., Spielman v. Katz, 2010 WL 4038838 at *3 (D. Ariz. Oct. 24, 2010)(concluding plaintiff's claims, including claims of fraud, were barred by § 33-811(C)); Cettolin v. GMAC, 2010 WL 3834628 at *3 (D. Ariz. Sept. 24, 2010)(reading § 33-811(C) broadly).

Coleman contends that the Notice of Trustee's Sale erroneously failed to cite or mention the waiver provisions set forth in A.R.S. § 33-811(C). Coleman cites to no authority supporting her position that Arizona law requires notices to contain this information. Furthermore, Coleman's argument that she was ignorant of A.R.S. § 33-811(C) is undermined by the fact that she filed her first suit after the Notice was recorded but prior to the trustee's sale.

Coleman also challenges the constitutionality of A.R.S. § 33-811(C) and contends that no court has determined this issue. Contrary to Coleman's assertion, this issue was squarely addressed by the District Court in Case 2692. Judge Campbell concluded that § A.R.S. § 33-811(C) was constitutional because it does not eliminate an objector's claim for fraud (or any other claims), but merely requires that a party assert any claims before the trustee's sale. He further rejected Coleman's due process argument, concluding that A.R.S. § 33-811(C) (and other related statutes) afforded her time to seek redress if she believed the

-17-

trustee's sale was defective. The Ninth Circuit summarily affirmed the District Court's decisions in Case 2692. Because Coleman did not appeal that decision to the United States Supreme Court, it is final and certainly not reviewable by this Panel.

**C. Coleman abandoned any argument on the motion to reconsider.**

Although Coleman attached to her notice of appeal the bankruptcy court's order denying her motion to reconsider, she fails to articulate any basis for how the bankruptcy court abused its discretion in denying it. Therefore, this issue is deemed abandoned. See Branam v. Crowder (In re Branam), 226 B.R. 45, 55 (9th Cir. BAP 1998), aff'd, 205 F.3d 1350 (9th Cir. 1999).

**VI. CONCLUSION**

Because no genuine issues of material fact existed and Appellees were entitled to judgment as a matter of law, the bankruptcy court did not err in granting Appellees summary judgment on the grounds of claim preclusion or, alternatively, that Coleman's claims were barred by A.R.S. § 33-811(C). Accordingly, we AFFIRM.[11]

---

[11] The Arizona Supreme Court recently held that while Arizona law expressly requires that a notice of trustee's sale be recorded, it does not require that an assignment of a deed of trust be recorded before recording the notice of trustee's sale. Vasquez v. Saxon Mortg., Inc. (In re Vasquez), --- P.3d ---, 2011 WL 5599440 at *2 (Ariz. Nov. 18, 2011). Notably, one of Coleman's primary complaints is that Wells Fargo's foreclosure was illegal because it recorded the notice of trustee's sale prior to the date the assignment of Sand Canyon's rights under the note and deed of trust to Wells Fargo was recorded.