NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY SAYRE, | No. 18-55411 |
| Plaintiff - Appellant, | D.C. No. 3:17-cv-00449-JLS-MDD |
| v. | |
| JPMORGAN CHASE & CO.; JP MORGAN CHASE SECURITIES, LLC; J.P. MORGAN SECURITIES, LLC; DOES, 1-10, | MEMORANDUM* |
| Defendants - Appellees. | |

| | |
|---|---|
| BRADLEY SAYRE, | No. 18-55412 |
| Plaintiff - Appellant, | D.C. No. 3:17-cv-02285-JLS-MDD |
| v. | |
| J.P. MORGAN SECURITIES, LLC, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted October 15, 2019
San Diego, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HURWITZ, OWENS, and LEE, Circuit Judges.

Bradley Sayre appeals the district court's order denying his motion to vacate an arbitration award and dismissing his amended complaint. We review the denial of vacatur and the dismissal ruling *de novo*, and review factual findings underlying that ruling for clear error. *See Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 427 (9th Cir. 1996); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008). We reverse.

1. Judicial review of an arbitration award is "both limited and highly deferential." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (quoting *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009)). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review[.]" *Id*. (quoting *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009)). An award may be vacated, however, due to "the arbitrary denial of a reasonable request for postponement." *Sheet Metal Workers Int'l. Ass'n Local Union No. 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir. 1985); *see* 9 U.S.C. § 10(a)(3).

This case presents one of the rare instances where an arbitration award must be vacated due to the arbitration panel's arbitrary denial of a reasonable request for postponement. The arbitration panel denied Sayre's counsel's request for a continuance, even though it is undisputed that he had a medical emergency. At the

2

time of the continuance request, only half a day of a scheduled nine-day arbitration hearing had been completed and only a single witness had testified. After denying postponement, the panel proceeded in Sayre's counsel's absence, admitting exhibits into evidence and hearing only the defense's closing argument. The panel then summarily denied Sayre's claims without articulating how it could have rendered a "comprehensive evaluation" based on only a portion of Sayre's case-in-chief and without addressing why it could not have granted a continuance at least for the three days for which the doctor had placed Sayre's counsel off work.

Because the panel arbitrarily denied Sayre's reasonable request for postponement, *see Sheet Metal Workers,* 756 F.2d at 746, we **reverse** and vacate the arbitration award.

2. Res judicata bars claims if an earlier suit: (1) involved the same claims; (2) "reached a final judgment on the merits"; and (3) "involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)). Since the arbitration award is vacated, it is no longer a "final judgment on the merits" and therefore has no res judicata effect on Sayre's amended complaint. *See id*. Accordingly, we **reverse** the dismissal of the amended complaint.

**REVERSED**.

3

FILED

OCT 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OWENS, Circuit Judge, dissenting:

I respectfully dissent.  In light of all the circumstances before the arbitration panel—including Sayre's last-minute announcement that he would be unavailable for 12 weeks—and the extremely deferential standard of review accorded to an arbitration panel's decision, I cannot say the district court erred by denying Sayre's motion to vacate the arbitration award.