**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER WOJCIECHOWSKI, on his own behalf and on behalf of all other persons similarly situated, *Plaintiff-Appellant*, <br><br> v. <br><br> KOHLBERG VENTURES, LLC, *Defendant-Appellee.* | No. 17-15966 <br><br> D.C. No. 3:16-cv-06775-MEJ <br><br><br> OPINION |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted March 7, 2019
Seattle, Washington

Filed May 8, 2019

Before: Ronald M. Gould and Richard A. Paez, Circuit Judges, and Janis Graham Jack,* District Judge.

Opinion by Judge Gould

---

*The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

## SUMMARY[**]

### Labor Law / Claim Preclusion

Reversing the district court's dismissal, the panel held that claim preclusion did not bar a claim against Kohlberg Ventures, LLC, under the Worker Adjustment Retraining and Notification Act because a settlement agreement approved by the bankruptcy court in a prior class action did not release any claims against Kohlberg.

The panel concluded that the parties in the bankruptcy proceeding did not intend their settlement to extend to Kohlberg. Accordingly, claim preclusion did not bar plaintiff's WARN Act claim against Kohlberg. The panel remanded the case for further proceedings.

## COUNSEL

Robert N. Fisher (argued), René S. Roupinian, and Jack A. Raisner, Outten & Golden LLP, New York, New York; Gail L. Chung, Outten & Golden LLP, San Francisco, California; for Plaintiff-Appellant.

Daniel L. Thieme (argued), Littler Mendelson P.C., Seattle, Washington; Michael F. McCabe and George J. Tichy II, Littler Mendelson P.C., San Francisco, California; for Defendant-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

GOULD, Circuit Judge:

"By 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,'" the related doctrines of claim and issue preclusion "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (alterations in original) (quoting *Montana v. United States*, 440 U.S. 147, 153–154 (1979)).**[1]** We consider here whether a prior action brought by Plaintiff-Appellant Peter Wojciechowski against nonparties to this case bars this action against Defendant-Appellee Kohlberg Ventures LLC, under the doctrine of claim preclusion. The previous action—a class action—settled, and the court approved the settlement agreement and closed the case. The settlement agreement released Wojciechowski's and the class's claims against various parties, but it explicitly did not release any claims against Kohlberg. Kohlberg was not a party to the agreement.

We hold that the settlement agreement—and in particular, the intent of the settling parties—determines the

---

**[1]** The terms "claim preclusion" and "issue preclusion" "have replaced a more confusing lexicon. Claim preclusion describes the rules formerly known as 'merger' and 'bar,' while issue preclusion encompasses the doctrines once known as 'collateral estoppel' and 'direct estoppel.'" *Taylor*, 553 U.S. at 892 n.5. The term "res judicata" refers "collectively" to claim and issue preclusion. *Id.* at 892. For clarity, we use the terms "claim preclusion" and "issue preclusion," and we are concerned here with the former.

preclusive effect of the previous action. Because the settlement agreement specifically did not release Wojciechowski's and the class's claims against Kohlberg, claim preclusion does not bar Wojciechowski's current claim. The district court erred in dismissing this action, and we reverse and remand for further proceedings.

# I[2]

Wojciechowski was formerly employed by ClearEdge Power, LLC. He was terminated without notice. Six days later, ClearEdge Power, LLC—along with its owner, ClearEdge Power, Inc.—filed for bankruptcy.

Wojciechowski filed an adversary class action against the ClearEdge entities in the bankruptcy court. He alleged that the two ClearEdge entities were a "single employer" under the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101–2109, and that the entities violated that act when they fired him and other employees without 60 days' advance notice.[3]

---

[2] The following recitation of facts is derived from the well-pleaded facts in Wojciechowski's complaint—which we accept as true at the motion-to-dismiss stage, *see Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 851 n.1 (9th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007))—and documents of which the district court took judicial notice.

[3] Liability under the WARN Act extends only to a person's "employer." 29 U.S.C. § 2104(a)(1). But the term "employer" may include parent and subsidiary companies "depending on the degree of their independence" from one another and considering "(i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations." *Childress v. Darby*

Wojciechowski settled that action. Per the settlement agreement, the class released all claims it had against "(i) Defendants ClearEdge, Power, Inc. and ClearEdge Power, LLC and their respective estates," and "(ii) each of the Defendants' current and former shareholders, officers, directors, employees, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns, *excluding any third parties which may or may not be affiliated with Defendants ClearEdge Power, Inc. and ClearEdge Power LLC, including, but not limited to Kohlberg Ventures LLC.*" Kohlberg was not involved in the bankruptcy proceedings or in settlement negotiations. The bankruptcy court approved the settlement agreement and closed the case soon after. The ClearEdge estates paid a portion of the class members' WARN Act wages and benefits.

Wojciechowski then filed this putative class action. He alleges that Kohlberg, as a "single employer" with the ClearEdge entities, violated the WARN Act when it fired him without advance notice. Wojciechowski seeks "an award for the balance of the Class'[s] WARN Act wages and benefits." That is, he seeks what the class is owed under the Act less the amount received from the ClearEdge estates.

Kohlberg moved to dismiss Wojciechowski's claim on the basis of claim preclusion. The district court granted Kohlberg's motion. Relevant here, the district court held that Kohlberg could not be bound by the settlement agreement—and the provision preserving the class's claims against Kohlberg—because Kohlberg was not a party to the

---

*Lumber, Inc.*, 357 F.3d 1000, 1006 (9th Cir. 2004) (quoting *Int'l Bd. of Teamsters v. Am. Delivery Serv. Co.*, 50 F.3d 770, 775 (9th Cir. 1995)).

adversary proceeding and did not agree to allow Wojciechowski to split his claim.

Wojciechowski timely appealed.

## II

We review de novo whether claim preclusion bars Wojciechowski's claim. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). Kohlberg must establish that preclusion applies. *Taylor*, 553 U.S. at 906.

## III

### A

Under the doctrine of claim preclusion, "a final judgment on the merits" in a case precludes a successive action between "identical parties or privies" concerning "the same 'claim' or cause of action." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)). However, the claim preclusion "inquiry is modified in cases where the earlier action was dismissed in accordance with a release or other settlement agreement." *U.S. ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 913 (4th Cir. 2013).[4]

---

[4] When a case is dismissed with prejudice but there is no settlement agreement, normal claim preclusion rules apply. *See Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1289 (11th Cir. 2004) ("In the absence of a settlement agreement, of course, a judgment of dismissal pursuant to Rule 41 should be given the same res judicata effect as any other judgment."); *see also Int'l Union of Operating Eng'rs-Empl'rs Constr. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) ("The dismissal of the action with prejudice constitutes a final judgment on the merits . . . .").

A judgment entered "based upon the parties' stipulation, unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimating force from the fact that the parties consented to it." *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004). "A settlement can limit the scope of the preclusive effect of a dismissal with prejudice by its terms." *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 911 (9th Cir. 1998); *see also Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227, 1231 (Fed. Cir. 2006) (noting that "parties can, in a separate agreement, . . . reserve the right to litigate a claim that would otherwise be barred by" claim preclusion); *May v. Parker-Abbott Transfer & Storage, Inc.*, 899 F.2d 1007, 1010 (10th Cir. 1990) (commenting that "consent decrees are of a contractual nature and, as such, their terms may alter the preclusive effects of a judgment"); Restatement (Second) of Judgments § 26(1)(a) (1982) (preclusion does not apply if "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim").

We look to the intent of the settling parties to determine the preclusive effect of a dismissal with prejudice entered in accordance with a settlement agreement, rather than to general principles of claim preclusion. *See F.T.C. v. Garvey*, 383 F.3d 891, 898 n.7 (9th Cir. 2004) ("The basically contractual nature of consent judgments has led to general agreement that preclusive effects should be measured by the intent of the parties." (quotation omitted)); *Norfolk S. Corp.*, 371 F.3d at 1289 ("In determining the res judicata effect of an order of dismissal based upon a settlement agreement, we should . . . attempt to effectuate the parties' intent."). "The best evidence of [the parties'] intent is . . . the settlement agreement itself . . . , as interpreted according to traditional principles of contract law." *Norfolk S. Corp.*, 371 F.3d at 1289; *see also Purdue Pharma*, 737 F.3d at 913 ("[G]iven

the contractual nature of consent decrees and settlement agreements, the preclusive effect of a judgment based on such an agreement can be no greater than the preclusive effect of the agreement itself."); *In re Prudential Ins. Co. of Am. Sale Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001) (analyzing the terms of a class settlement to determine whether the settlement precluded a subsequent action).

Here, Wojciechowski and the class in the prior bankruptcy proceeding settled their WARN Act claim against the ClearEdge entities.  The bankruptcy court approved the settlement agreement and closed the case, giving the agreement preclusive effect.  *See RFF Family P'ship, LP v. Ross*, 814 F.3d 520, 532 (1st Cir. 2016) ("We have held in cases under federal law that settlements may have preclusive effect if there is court approval of the settlement or there is entry of judgment with prejudice."); 18A Charles Alan Wright et al., *Federal Practice and Procedure* § 4443 (3d ed. 2018 update) ("[A] private settlement agreement does not give rise to preclusion if it is not transformed into a judgment.  Whatever effect it has on the future relationships between the parties derives from its force as a contract, not from res judicata.").  The settlement agreement released the class's claims against the ClearEdge entities and other parties, but it explicitly preserved claims against "any third parties which may or may not be affiliated with Defendants ClearEdge Power, Inc. and ClearEdge Power LLC, including, but not limited to *Kohlberg Ventures LLC*."  Under the unambiguous terms of the settlement agreement, Wojciechowski's and the class's claims against Kohlberg are not precluded here.  *See Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) ("Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract

itself."), *as amended on denial of reh'g*, 203 F.3d 1175 (9th Cir. 2000); *see also Norfolk S. Corp.*, 371 F.3d at 1290 ("Where the plain meaning of an agreement is clear, we may not go beyond the four corners of the document to look for additional evidence of the drafters' intentions.").

## B

Kohlberg does not dispute that the terms of the agreement seemingly allow Wojciechowski to pursue his current claim.  Instead, Kohlberg contends that it cannot be bound by the settlement agreement because it was not a party to the adversary proceeding and did not agree to the terms of the settlement agreement.

Kohlberg is incorrect.  Two (or more) parties "may negotiate a settlement of [a] dispute and . . . execute a release of all claims.  The release acts as a simple contract between the two private parties . . . ." *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1557 (3d Cir. 1994).  But when a court dismisses an action because of a settlement, "the settlement and release of claims . . . is stamped with the imprimatur of [a] court with jurisdiction over the parties and the subject matter of the lawsuit."  *Id.*  The settlement and release become a "final judgment" and "not simply a contract entered into by . . . private parties . . . ."  *Id.*

Here, when the bankruptcy court approved the settlement agreement in the previous action, that agreement became entitled to preclusive effect separate and apart from any contractual obligations it imposed on the parties.  *See RFF Family P'ship, LP*, 814 F.3d at 532 ("[S]ettlements may have preclusive effect if there is court approval of the settlement or there is entry of judgment with prejudice."); *Barajas*, 147 F.3d at 911 ("A settlement can limit the scope of the preclusive effect of a dismissal with prejudice by its

terms."); Restatement (Second) of Judgments § 26(1)(b) (preclusion does not apply if "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action."). The agreement determines the scope of preclusion in this action as a matter of preclusion law, not as a matter of contract. *See* Wright, *Federal Practice and Procedure* § 4443. Because we are not imposing any obligations on Kohlberg as a matter of contract, it does not matter whether Kohlberg, as a nonparty to the contract, is bound by its terms. Instead, we consider whether the settling parties intended to preclude Wojciechowski's current claim as a matter of preclusion law. As explained above, they did not.

Kohlberg's contention has another fundamental flaw. Kohlberg, by raising a preclusion defense, asks us to give the settlement agreement greater preclusive effect than the parties intended. But as we have previously explained, "[t]he basically contractual nature of consent judgments has led to general agreement that preclusive effects should be measured by the intent of the parties." *Garvey*, 383 F.3d at 898 n.7. We are not at liberty to give the agreement greater preclusive effect than the parties intended. *See Purdue Pharma*, 737 F.3d at 913 ("[G]iven the contractual nature of consent decrees and settlement agreements, the preclusive effect of a judgment based on such an agreement can be no greater than the preclusive effect of the agreement itself."); *Bandai Am. Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 74–75 (3d Cir. 1985) (because Namco "was not a party to the settlement agreement" and "was expressly excluded from the release which that agreement contains," "Namco cannot use the settlement agreement or the judgment as a basis for estopping Bandai from pursuing the causes of action pleaded against it"); *In re Princeton-N.Y. Inv'rs, Inc.*, 255 B.R. 376, 388 (Bankr. D.N.J. 2000).

## IV

We hold that claim preclusion does not bar Wojciechowski's WARN Act claim against Kohlberg because the parties in the bankruptcy proceeding did not intend their settlement to extend to claims against Kohlberg.[5]  It is of no moment that Kohlberg neither consented to nor approved the agreement.  Because claim preclusion does not bar Wojciechowski's claim, we reverse the district court's dismissal of his claim and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[5] Because this ground is sufficient to hold that preclusion does not apply, we do not address Wojciechowski's other arguments.