NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENN O'CONNOR, | No. 23-2262 |
| Plaintiff - Appellant, | D.C. No. 2:19-cv-02368-DJC-DMC |
| v. | MEMORANDUM[*] |
| MATHARU; NZE; JULIE WOOD, RN; MCSP; FILENKO; BOOKER, Senior Registered Nurse II;MCSP, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Submitted February 18, 2025[**]

Before: SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Glenn O'Connor, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

de novo a dismissal under Federal Rule of Civil Procedure 12(c) and on the basis of claim preclusion. *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). We reverse and remand.

The district court dismissed O'Connor's action as barred by claim preclusion by analyzing the general principles of the doctrine. However, because O'Connor's prior action was dismissed with prejudice pursuant to a settlement agreement, a "modified" claim preclusion inquiry applies, in which the court looks to "the settlement agreement—and in particular, the intent of the settling parties—[to] determine[] the preclusive effect of the previous action." *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 688-89 (9th Cir. 2019).

The settlement agreement in O'Connor's prior action provided that O'Connor "release[] all claims . . . that arise or could arise from the facts alleged in the [prior action's] Complaint." In the prior action, O'Connor alleged that, on February 6, 2019, correctional officer Padgett refused to allow O'Connor to wait inside the prison clinic, causing O'Connor to suffer respiratory distress from the cold weather and not be able to complete his lab work. In contrast, in this action, O'Connor alleged that between January and July 2019, nurses Nze and Filenko routinely blocked their assigned service windows and refused to provide O'Connor his prescribed breathing treatments, and that doctor Matharu failed to take any action after O'Connor informed the doctor of his inability to obtain the breathing

treatments.

Although both actions relate to denial of medical treatment, the claims alleged in this action arise from a different set of events and could not have arisen from the facts alleged in the prior action. The settlement agreement also did not explicitly release the claims alleged in this action, even though this action had been pending for over a year when the agreement was entered. Based on this record, we conclude that the parties did not intend for O'Connor to release claims alleged in this action. *See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."); *Arriagarazo v. BMW of N. Am., LLC*, 279 Cal. Rptr. 3d 241, 246 (Ct. App. 2021) (under California law, "the mutual intention of the parties at the time the contract was formed governs" and the parties' intent is determined "solely from the words used, but we also consider the circumstances under which the contract was made and the matter to which it relates"). Because this action is not barred by claim preclusion, we reverse the judgment and remand for further proceedings.

O'Connor's motion to expedite (Docket Entry No. 17) is denied as moot. O'Connor's request for appointment of counsel, set forth in his opening brief, is denied.

**REVERSED and REMANDED.**