**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHIL MARTINEZ; JORGE SORIA, | No. 25-1518 |
| Plaintiffs - Appellants, | D.C. No. 2:21-cv-01212-DGC |
| v. | MEMORANDUM[*] |
| CITY OF PHOENIX, a municipal corporation; BENJAMIN MOORE, a City of Phoenix Police Officer, in his individual capacity; JOSEPH GAGE, a City of Phoenix Police Officer, in his individual capacity; JEFFREY MIEL, a City of Phoenix Police Officer, in his individual capacity; ERICK SELVIUS, a City of Phoenix Police Officer, in his individual capacity; DOUGLAS MCBRIDE, a City of Phoenix Police Officer, in his individual capacity, | |
| Defendants - Appellees, | |
| and | |
| BOBBI JO COZAD, a City of Phoenix Police Officer, in his individual capacity, DARRELL MAGEE, a City of Phoenix Police Officer, in his individual capacity, CLIFFORD C. LEWIS, a City of Phoenix Police Officer, in his individual capacity, | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DIANA PINEDA, a City of Phoenix Police
Officer, in his individual capacity,

          Defendants.

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted February 3, 2026
Submission Vacated February 6, 2026
Resubmitted May 26, 2026
Phoenix, Arizona

Before: CALLAHAN, OWENS, and FRIEDLAND, Circuit Judges.
Partial Concurrence by Judge CALLAHAN.

Plaintiffs Phil Martinez and Jorge Soria appeal from the district court's

dismissal of their Fourth Amendment unlawful arrest and excessive force claims

under 42 U.S.C. § 1983. The district court concluded that those claims were

barred by claim preclusion based on Plaintiffs' prior Arizona state court actions

that were dismissed for failure to comply with Arizona's notice-of-claim statute.

We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

1. We review de novo whether claim preclusion bars a plaintiff's claims.

*Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019). At

the motion to dismiss stage, we accept as true the facts recited in the plaintiff's

well-pleaded complaint. *Id.* at 688 n.2. Arizona law "governs the question [of]

whether [Plaintiffs'] . . . claims are barred by claim preclusion." *Cutts v. Richland Holdings, Inc.*, 953 F.3d 554, 557 (9th Cir. 2019).

Under Arizona law, claim preclusion requires, among other elements, a "final judgment on the merits." *Lawrence T. v. Dep't of Child Safety*, 438 P.3d 259, 262 (Ariz. Ct. App. 2019) (citation modified). Arizona procedural rules define when a judgment is final. Under Arizona Rule of Civil Procedure 54(c), a "judgment as to all claims and parties is not final unless the judgment recites that no further matters remain pending and that the judgment is entered under Rule 54(c)." Ariz. R. Civ. P. 54(c).

Arizona courts take a strict approach to Rule 54(c)'s requirements. *See Brumett v. MGA Home Healthcare, L.L.C.*, 380 P.3d 659, 665 (Ariz. Ct. App. 2016). An appellate court "lacks jurisdiction over an appeal from a judgment that does not resolve all claims as to all parties *and* that does not include" the requisite language. *Madrid v. Avalon Care Center-Chandler, L.L.C.*, 338 P.3d 328, 331 (Ariz. Ct. App. 2014) (emphasis in original); *see also In re Guardianship of Sommer*, 386 P.3d 1281, 1282 (Ariz. Ct. App. 2016) ("[W]e do not have jurisdiction because the order lacks Rule 54(c) . . . language." (citation omitted)). Even where a trial court clearly intends to dispose of a case, Arizona appellate courts do not infer finality absent strict compliance with Rule 54(c); instead, they stay the appeal and revest jurisdiction in the lower court to permit entry of a

judgment compliant with the state's procedural rules. *See, e.g.*, *Madrid*, 338 P.3d at 330, 332; *In re Guardianship of Sommer*, 386 P.3d at 1282-83; *In re $15,379 in U.S. Currency*, 388 P.3d 856, 860 (Ariz. Ct. App. 2016); *Falcone Bros. & Assocs., Inc. v. City of Tucson*, 381 P.3d 276, 281 (Ariz. Ct. App. 2016).

The state court orders here do not comply with Rule 54(c). The order in Soria's case cited Rule 54(c), but did not include the requisite language that "no further matters remain pending." The order in Martinez's case included language indicating that "no further matters remain[ed] pending" but cited Rule 54(b) rather than Rule 54(c). Rule 54(b), however, applies only "[i]f an action presents more than one claim for relief . . . or if multiple parties are involved," and it permits entry of judgment as to fewer than all claims as to all parties. Ariz. R. Civ. P. 54(b). Because the Martinez order purported to resolve *all* of his state law claims, Rule 54(c), not Rule 54(b), controlled.

In light of Arizona's strict approach to Rule 54(c), neither order constitutes a final judgment under Arizona law. Without a final judgment, claim preclusion cannot apply. *Lawrence T.*, 438 P.3d at 262.

2. Appellees also contend that dismissal of Plaintiffs' unlawful arrest claims may nonetheless be affirmed based on qualified immunity. Qualified immunity shields officers from civil liability unless (1) the facts alleged show that the officer violated a constitutional right, and (2) that right was clearly established at the time

of the officer's actions. *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020). Qualified immunity does not apply here; accepting as true the facts as alleged in the complaint, the officers violated clearly established law by arresting the Plaintiffs. Officers may make a warrantless arrest only when they have probable cause to believe that the person to be arrested has committed a crime. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470–71 (9th Cir. 2007).

We cannot say at this stage that the officers had probable cause to arrest the Plaintiffs. Martinez and Soria were both arrested for obstruction of a public thoroughfare and unlawful assembly following a dispersal order. First, nothing Plaintiffs allege about their conduct—speaking with a journalist and walking down a sidewalk—suggest that either of them created an "unreasonable inconvenience or hazard" by "recklessly interfer[ing]" with a public thoroughfare. *See* A.R.S. 13-2906. Second, per the Plaintiffs' account, the Lights for Liberty vigil was a peaceful and lawful assembly, devoid of violence or threats of violence. Based upon the facts alleged, the dispersal order that gave rise to Martinez's and Soria's arrests was improperly issued. *See* A.R.S. 13-2902, 13-2903.

Appellees observe that they were ordered by their superior to make the arrests, and they argue that the law was not clearly established that "an officer . . . who is ordered by a superior officer to make an arrest[] must independently determine that probable cause exists before carrying out the arrest." But it has long

been clearly established that inferior officers "have an ongoing duty to make appropriate inquiries regarding the facts" and directions received from their superiors. *See Motley v. Parks*, 432 F.3d 1072, 1081-82 (9th Cir. 2005) (en banc), *overruled on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir. 2012) (en banc). Inferior officers may be liable for constitutional violations where they carry out an objectively unreasonable order from a superior officer. *See id.* Construing the Complaint in the light most favorable to Plaintiffs, we conclude that Plaintiffs have adequately alleged that the order to arrest them was objectively unreasonable.

We reverse the dismissal of Plaintiffs' Fourth Amendment claims and remand for further proceedings.[1]

**REVERSED AND REMANDED.**

---

[1] Because the state court orders were not final judgments under Rule 54(c), we need not reach the question whether a dismissal based on Arizona's notice-of-claim statute constitutes a judgment on the merits for purposes of claim preclusion.

*Phil Martinez, et al. v. City of Phoenix et al.*, 25-1518

CALLAHAN, Circuit Judge, concurring in part and concurring in the judgment:

I concur in all but Part 2 of the Memorandum Disposition.  I agree that because the Martinez and Soria judgments do not comply with Rule 54(b) or (c), there is no final judgment on the merits for purposes of res judicata.  *See Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 502 P.3d 30, 33 (2022) (finding that absent compliance with Rule 54(b) or (c), the dismissal order is not a "final judgment" for purposes of claim preclusion).  I therefore agree that the district court's order should be reversed.

I, however, would not reach Appellees' alternative qualified immunity argument that was raised for the first time on appeal.  *See Casun Inv., A.G. v. Ponder*, 119 F.4th 637, 646 (9th Cir. 2024), *cert. denied sub nom. NVWS Props., LLC v. Casun Inv., A.G.*, 145 S. Ct. 1927 (2025) (declining to reach argument raised for the first time on appeal).  I would instead leave the issue of qualified immunity to the district court should it be raised on remand.