NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD WARREN CLARK,

        Plaintiff - Appellant,

  v.

MEDIATION CASE MANAGER, LLC;
ANNETTE PHELPS; CHRISTOPHER
BURKE; U.S. BANK TRUST NATIONAL
ASSOCIATION, Trustee of the LSF9
Master Participation Trust; FAY
SERVICING, LLC,

        Defendants - Appellees.

No. 24-5127

D.C. No.
6:24-cv-00541-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, Chief District Judge, Presiding

Submitted May 26, 2026[**]

Before: RAWLINSON, H.A. THOMAS, and MENDOZA, Circuit Judges.

Richard Clark appeals the district court's order (1) granting U.S. Bank Trust

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

National Association's ("U.S. Bank") and Fay Servicing, LLC's ("Fay") motion to dismiss Clark's breach of contract claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the basis of claim preclusion; (2) granting Mediation Case Manager, LLC, Annette Phelps, and Christopher Burk's (collectively, the "MCM defendants") motion for entry of judgment pursuant to Rule 54(b); and (3) denying Clark's motion to reconsider the state court's pre-removal order dismissing the declaratory judgment claim against the MCM defendants on the basis of claim preclusion. Clark also appeals the district court's denial of his motion for a temporary restraining order ("TRO") requiring U.S. Bank and Fay to produce certain documents. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo the district court's grant of a motion to dismiss for failure to state a claim, *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021), including dismissal based on claim preclusion, *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019). We review a motion to reconsider—whether construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b)—for abuse of discretion. *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We review the district court's entry of final judgment under Rule 54(b) for abuse of discretion.

*Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018). We also review the district court's denial of preliminary injunctive relief for abuse of discretion. *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023).

1. The district court did not err in dismissing Clark's claims based on claim preclusion. Clark's breach of contract claim against U.S. Bank and Fay and his declaratory judgment claim against the MCM defendants arise "out of the same transactional nucleus of facts" as prior federal actions, *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)), and "could have been raised in the prior action[s]," *Gila River Indian Cmty. v. Schoubroek*, 145 F.4th 1058, 1078 (9th Cir. 2025) (quoting *Owens*, 244 F.3d at 713). Clark has unsuccessfully challenged his creditors' right to foreclose his property in two prior federal actions. *See Clark v. LSF9 Master Participation Tr.* (*Clark I*), No. 6:20-cv-295-MC, 2022 WL 900540, at *4 (D. Or. Mar. 28, 2022), *aff'd*, *Clark v. LSF9 Master Participation Tr.*, No. 22-35343, 2023 WL 5696530, at * 2 (9th Cir. Sept. 5, 2023) ("[W]e conclude that Clark's creditors are not precluded from pursuing foreclosure . . . ."); *Clark v. Phelps* (*Clark II*), No. 6:21-cv-1139-MC, 2023 WL 2611142, at *5 (D. Or. Mar. 23, 2023) (holding that subsequent challenges to

foreclosure proceedings were "barred by this Court's ruling in [*Clark I*]").[1] While Clark's present claims relate to proceedings that occurred in February 2023, they nevertheless rest on essentially the same arguments against his creditors' interest in his property that were decided in the previous cases.[2]

2. In light of the foregoing, the district court did not abuse its discretion in granting the MCM defendants' motion for entry of judgment and denying Clark's motion for reconsideration of the state court's ruling. Clark has made no showing in support of reconsideration under either Rule 59(e) or Rule 60(b). *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (explaining that a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

---

[1] Clark's declaratory judgment claim against the MCM defendants is precluded for the same reasons. The state court had determined that this claim was precluded, but the case was removed before judgment was entered. After a case is removed, "an order entered by a state court should be treated as though it has been validly rendered in the federal proceeding." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (citation modified). Oregon's law of claim preclusion mirrors federal law and involves assessing whether a new claim is "based on the same factual transaction that was at issue" in a previous one. *Bloomfield v. Weakland*, 123 P.3d 275, 279 (Or. 2005) (en banc) (quoting *Rennie v. Freeway Transp.*, 656 P.2d 919, 921 (Or. 1982) (en banc)). The declaratory judgment claim is therefore precluded whether the federal or Oregon law of preclusion is applied.

[2] Clark's argument that his challenge to the February 2023 certificate of compliance is not precluded is further belied by the fact that he challenged that certificate on similar grounds in yet another action against Phelps in state court that was dismissed with prejudice.

clear error, or if there is an intervening change in the controlling law"); *School Dist. No. 1J*, 5 F.3d at 1263 (listing grounds for reconsideration under Rule 60(b)).

3. For the same reasons, the district court did not abuse its discretion in denying Clark's motion for a TRO on the grounds that he had not demonstrated a likelihood of success on the merits. *Babaria*, 87 F.4th at 976 (explaining that to obtain preliminary injunctive relief, a plaintiff must establish, among other factors, "a likelihood of success on the merits").

**AFFIRMED.**